UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CATHERINE T. HENDERSON and WILLIAM TONAS,<br><br>      Plaintiff(s),<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>      Defendant(s). | 2:13-CV-774 JCM (CWH) |

**ORDER**

Presently before the court are plaintiffs Catherine Henderson's and William Tonas' motions to amend the complaint (doc. # 24) and to remand to state court (doc. # 25). Defendant Wal-Mart Stores, Inc., has filed a consolidated response in opposition to the motion to amend and motion to remand. (Doc. # 29). Plaintiffs have filed a consolidated reply. (Doc. # 30).

Also before the court is defendant's motion for summary judgment. (Doc. # 14). Plaintiffs have filed a response (doc. # 26) and defendant has filed a reply (doc. # 28).

Also before the court is defendant's motion to dismiss. (Doc. # 16). Plaintiffs have filed a response (doc. # 27).

**I. Background**[1]

Plaintiffs originally filed suit in state court alleging plaintiff Henderson was injured by a motorized cart owned by the defendant and operated by a third party while shopping in one of

---

[1] The court includes only the limited facts necessary for resolution of the instant motions.

**James C. Mahan**
**U.S. District Judge**

defendant's stores. The complaint states claims for relief for negligence, premises liability, and negligent entrustment. Defendant timely removed the complaint to this court.

**II. Discussion**

*A. Motion to amend*

Plaintiffs seek leave to file an amended complaint naming the individual tortfeasor, Virginia Harada. In federal court, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis,* 371 U.S. 178 (1962), the Court explained: "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182.[2]

Plaintiffs claim they did not know the identity of Harada at the time of filing in state court and, as such, referred to her as "DOE 1." Plaintiffs further allege in the complaint that "DOE 1" is a Nevada resident. (*See* Compl., Doc #1-2, ¶ 8). According to plaintiffs, the defendant was aware of the identity of the individual tortfeasor, but refused to disclose her name until after it removed the case to this court. Plaintiffs claim they sought leave to amend their complaint and name Harada as soon as her identity was provided by the defendant.

Because plaintiffs were previously unaware of, and unable to determine, the identity of the individual tortfeasor, the court finds that plaintiffs' delay in seeking leave to add Harada is not attributable to a bad faith or dilatory motive, and that the delay is excusable. In addition, allowing the amendment would not unduly prejudice the defendant, as the defendant was already previously aware of Harada's identity and her status as a Nevada resident. Any prejudice suffered by virtue of the amendment was invited by defendant through its improper removal in the first instance.

---

[2] In addition to the Rule 15 requirements, the local rules require plaintiffs to submit a proposed, amended complaint along with its motion to amend. LR 15-1(a). Plaintiffs have complied with this rule by attaching a proposed amended complaint.

James C. Mahan
U.S. District Judge

- 2 -

In opposition, defendant argues that amendment would be futile because Harada is allegedly insolvent, and plaintiffs would be unable to recover from her. In support, defendant relies on an affidavit signed by Harada attesting she would be unable to satisfy any monetary judgment entered against her.[3] The court disagrees that amendment would be futile for the reasons discussed in section B, *supra*.

Denying plaintiffs leave to amend the complaint, where they seek to name the individual tortfeasor directly responsible for their alleged injuries, would be inconsistent with the liberal standard for granting leave to amend as provided by Fed. R. Civ. P. 15. The court will grant plaintiffs' motion to amend.

*B. Motion to remand*

An action filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). Subject matter jurisdiction exists over suits between citizens of different states where the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a).[4] The removal statutes are construed restrictively, and doubts regarding the viability of removal are resolved in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

While defendant acknowledges that both plaintiffs and Harada are Nevada citizens, defendant argues that federal diversity jurisdiction is satisfied because, relying on Harada's affidvait, her alleged inability to satisfy *any* judgment entered against her renders her a sham defendant. Plaintiffs dispute defendant's claim that Harada has no property or other assets. In particular, plaintiffs allege that Harada owns or has an interest in various properties located in Nevada, and they have attached documentation obtained from the records of the county recorder as support. (*See* doc. ## 30-2, 3).

---

[3] Despite her sworn statement that she owns "no substantial assets or [has any] sources of personal income," Harada continues on in her affidavit to declare that she does own a "2003 Subaru Forrester." (Doc. # 29-1). The court finds the affidavit to be contradictory and self-serving.

[4] The parties appear to agree the amount in controversy exceeds $75,000.

James C. Mahan
U.S. District Judge

- 3 -

1    In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after *all*
2 *disputed questions of fact . . .* are resolved in the plaintiff's favor, the plaintiff could not possibly
3 recover against the party whose joinder is questioned. *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d
4 1416, 1426 (9th Cir. 1989). "Federal jurisdiction *must* be rejected if there is any doubt as to the right
5 of removal." *Gaus*, 980 F.2d at 566 (emphasis added).    Removal is improper unless it can be
6 shown that the naming of Doe defendants is a sham or that the plaintiff does not intend to proceed
7 against them. *Weber v. Metropolitan Life Ins. Co.*, 554 F.Supp. 553, 554 (D. Nev. 1982).  The
8 defendant always has the burden of establishing that removal is proper, and"[f]raudulent joinder
9 must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical*
10 *Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007); *see also Gaus*, 980 F.2d at 566.

11    The court finds that Harada's affidavit is not clear and convincing evidence of her "complete
12 inability to satisfy any judgment entered against her," especially in light of plaintiffs' contentions
13 that she owns property and other assets, and Harada's own admission in her affidavit that she owns
14 a vehicle.  These issues of fact, if resolved in plaintiffs' favor, would enable them to recover from
15 Harada.  At the very least, the dispute casts serious doubt as to the right of removal, and the court
16 must reject jurisdiction. *Gaus*, 980 F.2d 564.

17    Defendant has failed to meet its burden of establishing by clear and convincing evidence that
18 Harada is a sham defendant, particularly in light of the "strong presumption against removal
19 jurisdiction." *Id.* at 566.  Plaintiffs' motion to remand will be granted.

20 **III.  Conclusion**

21    The court finds plaintiffs' proposed amendment adding the individual tortfeasor is not
22 motivated by bad faith or dilatory motives, and the dely is excusable.  The court also finds that
23 defendant has not satisfied its burden of demonstrating Harada is a sham defendant.  Because the
24 addition of Harada defeats diversity, the court must grant plaintiffs' motion to remand.  This case,
25 including the remaining pending motions, is hereby remanded to state court for further proceedings.
26 . . .
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  Accordingly,

2  IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion to amend
3  the complaint (doc. # 24) be, and the same hereby is, GRANTED.

4  IT IS FURTHER ORDERED that plaintiffs' motion to remand (doc. # 25) be, and the same
5  hereby is, GRANTED.

6  DATED December 3, 2013.

                                                               **UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**